# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **BENNY L. STEWART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 14 C 7472 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| **INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES UNION AFL-CIO, THEATRICAL STAGE EMPLOYEES LOCAL 2, DANIEL KELLY KERINS, CRAIG CARLSON, THOMAS CLEARY, THOMAS HERMANN, THOMAS KINSELLA, RICHARD CONRAD, JEFFERY SCHNOEBELEN, and WILLIAM RILEY, JR.,** | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff sues defendants for their alleged violations of Title VII and the Labor Management Relations and Disclosure Act. Defendant Theatrical Stage Employees Union Local 2 has filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, arguing that this suit is barred by res judicata because it is duplicative of one dismissed by Judge Zagel. *See Stewart v. Theatrical Stage Employees Union Local 2*, No. 13 C 538 (N.D. Ill.). The doctrine of res judicata precludes a party from relitgating issues that were or could have been raised in a prior suit between the same parties that ended in a final judgment on the merits. *Smith v. City of Chi.*, 820 F.2d 916, 917 (7th Cir. 1987). The doctrine applies if there was "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Id.*

However, res judicata is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and "[o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). "Only when the plaintiff pleads [him]self out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.* It is not clear from the face of plaintiff's complaint that he is asserting the same claims here as he did in the suit before Judge Zagel or that the additional defendants in this suit are in privity with Local 2, which was the only defendant in the suit before Judge Zagel. Discovery may well establish that these elements are met, but because they are not apparent from the face of the complaint, Local 2's motion to dismiss [18] is denied.

**SO ORDERED.**                                  **ENTERED:   April 6, 2015**

_____
**HON.  JORGE ALONSO**
**United States District Judge**