# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **BENNY L. STEWART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 14 C 7472 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| **INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES UNION AFL-CIO, THEATRICAL STAGE EMPLOYEES LOCAL 2, DANIEL KELLY KERINS, CRAIG CARLSON, THOMAS CLEARY, THOMAS HERMANN, THOMAS KINSELLA, RICHARD CONRAD, JEFFERY SCHNOEBELEN, and WILLIAM RILEY, JR.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff, proceeding pro se, sues defendants for their alleged violations of Title VII, the Age Discrimination in Employment Act, and the Labor Management Relations and Disclosure Act. Defendant International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada, AFL-CIO, CLC ("IATSE")[1] asks the Court to dismiss the claims asserted against it pursuant to Federal Rule of Civil 12(b)(6).

Plaintiff alleges that he is a member of defendant Theatrical Stage Employees Union Local 2 ("Local 2"), which is an affiliate of IATSE. (Compl. ¶¶ 2-4.) The individual defendants are officers or Executive Board members of Local 2. (*Id.* ¶¶ 5-12.)

---

[1] Plaintiff sues this defendant as International Alliance of Theatrical Stage Employees Union, AFL-CIO.

In June 2009, plaintiff "began inquiring into reasons for [disparate] work assignments, training, earnings and denied medical benefits . . . , and seniority status." (*Id.* ¶ 13.) Plaintiff criticized Local 2's practice of providing full membership to white employees in three years but requiring African-American employees to wait more than ten years to attain that status. (*Id.* ¶ 14.) Plaintiff also filed charges of discrimination and retaliation with the Illinois Department of Human Rights and an unfair labor practice charge with the National Labor Relations Board. (*Id.* ¶ 15.) As a result of his complaints, plaintiff alleges, Local 2 retaliated against him by giving him fewer and less desirable job assignments, subjecting him to unfounded discipline, expelling him from the union, and denying him benefits to which he is entitled. (*Id.* ¶¶ 16-29.)

What plaintiff does not allege, however, is that IATSE discriminated or retaliated against him, or that it "'instigated, supported, ratified or encouraged'" Local 2's allegedly wrongful conduct. *Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 218 (1979). Absent such allegations, plaintiff has not stated a viable claim against IATSE. *See id.*; *N.L.R.B. v. Eldorado Mfg. Corp.*, 660 F.2d 1207, 1212 (7th Cir. 1981) ("[T]o establish a union's liability under the doctrine of respondeat superior, evidence must be offered that the 'International Union instigated, supported, ratified, or encouraged' the activity in question.") (quoting *Carbon Fuel*, 444 U.S. at 218). Thus, the Court grants its motion to dismiss [33] and gives plaintiff fourteen days from the date of this Order to amend his claims against IATSE.

**SO ORDERED.**                                    **ENTERED:  June 30, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**