# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BENNY L. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 7472 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES UNION AFL-CIO, THEATRICAL STAGE EMPLOYEES LOCAL 2, DANIEL KELLY KERINS, CRAIG CARLSON, THOMAS CLEARY, THOMAS HERMANN, THOMAS KINSELLA, RICHARD CONRAD, JEFFERY SCHNOEBELEN, and WILLIAM RILEY, JR., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding pro se, sues defendants for their alleged violations of Title VII, the Age Discrimination in Employment Act, the Labor Management Relations Act ("LMRA"), and the Labor Management Relations and Disclosure Act ("LMRDA"). Defendant International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada, AFL-CIO, CLC ("IATSE")[1] asks the Court to dismiss the claims asserted against it in the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1]Plaintiff sues this defendant as International Alliance of Theatrical Stage Employees Union, AFL-CIO.

**Facts**

Plaintiff alleges that he is a member of defendant Theatrical Stage Employees Union Local 2 ("Local 2"), which is an affiliate of IATSE. (Am. Compl. ¶¶ 2-4.) The individual defendants are officers or Executive Board members of Local 2. (*Id.* ¶¶ 5-12.)

In June 2009, plaintiff "began inquiring into reasons for [disparate] work assignments, training, earnings and denied medical benefits . . . , and seniority status." (*Id.* ¶ 13.) Plaintiff criticized Local 2's practice of providing full membership to white employees in three years but requiring African-American employees to wait more than ten years to attain that status. (*Id.* ¶ 14.) Plaintiff also filed charges of discrimination and retaliation with the Illinois Department of Human Rights and an unfair labor practice charge with the National Labor Relations Board. (*Id.* ¶ 15.) As a result of his complaints, plaintiff alleges, Local 2 retaliated against him by giving him fewer and less desirable job assignments, subjecting him to unfounded discipline, expelling him from the union, and denying him benefits to which he is entitled. (*Id.* ¶¶ 16-25.)

Plaintiff alleges that he sent a letter to IATSE's President, Matthew Loeb, in August 2012 complaining that Local 2, through defendants Carlson and Cleary, had discriminated and retaliated against him. (*Id.* ¶¶ 26-30.) Loeb did not respond to the letter or investigate plaintiff's complaints. (*Id.*)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

Viewed liberally, as pro se pleadings must be, the amended complaint alleges that IATSE breached its duty of fair representation under the LMRA and violated plaintiff's rights to proper discipline, equality, and free speech guaranteed by the LMRDA. (*See* Am. Compl. ¶¶ 4, 26-30.) Plaintiff does not, however, allege that IATSE is his bargaining representative, as is required to state an LMRDA fair representation claim. *See Grant v. Burlington Indus.*, 627 F. Supp. 311, 313 (N.D. Ill. 1985) (stating that an entity is not "subject to the duty of fair representation" if it is "neither the bargaining representative for an employee nor a party to the collective bargaining agreement under which the employee receives her or his rights"). He also does not allege that IATSE itself violated his LMRDA rights to equal treatment, free speech, and proper discipline. (*See generally* Am. Compl.); *see also* 29 U.S.C. § 411(a)(1), (a)(2), (a)(5). But he contends that IATSE can be held liable for Local 2's alleged statutory violations because IATSE "encourag[ed], support[ed] and ratif[ied] . . . . Local No. 2['s] continued malfeasance," *i.e.*, Local 2 is IATSE's agent. (Am. Compl. ¶ 26; *see id.* ¶¶ 27-30); *see also Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 216 (1979) (holding that an international union can be held liable for the acts of a local only if the local was its agent). Plaintiff contends that an agency relationship can be inferred from the fact that: (1) Carlson and Cleary are officers of both unions; and (2) IATSE President Loeb failed to investigate plaintiff's complaints about Local 2.

The Court disagrees. Plaintiff's complaints about Carlson and Cleary exclusively relate to actions they took in their capacity as officers of Local 2, not officers of IATSE. (*See* Am. Compl. ¶¶ 6-7, 13-14, 16, 26, 31, 36.) The mere fact that they were officers of IATSE when they took the contested actions is insufficient to attribute their conduct to IATSE. *See Laughon v. Int'l Alliance of Theatrical Stage Emp., Moving Picture Technicians, Artists & Allied Crafts of the U.S. & Can.*, 248 F.3d 931, 937 (9th Cir. 2001) ("Courts analyzing the actions of an individual who serves simultaneously as a local and an international official . . . . do not impute the conduct, or knowledge of the conduct, to the international solely by virtue of the individual's double role."). The same is true of President Loeb's failure to investigate plaintiff's complaints about Local 2. "An international union has no independent duty to intervene in the affairs of its local chapters, even where the international has knowledge of the local's unlawful acts." *Phelan v. Local 305 of United Ass'n of Journeymen, & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Can.*, 973 F.2d 1050, 1061 (2d Cir. 1992). Because plaintiff has not alleged facts that plausibly suggest Local 2's alleged conduct can be imputed to IATSE, his claims against IATSE are dismissed.[2]

---

[2]IATSE also argues that plaintiff's claim should be dismissed for failure to exhaust administrative remedies. However, exhaustion is an affirmative defense, *Mosely v. Board of Education of the City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006), and thus not appropriately addressed in a Rule 12(b)(6) motion. *See Xechem v. Bristol Meyers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses.").

## **Conclusion**

For the reasons set forth above, the Court grants IATSE's motion to dismiss [48] the claims asserted against it in the amended complaint. Plaintiff has until October 1, 2015, his final opportunity, to amend his complaint to state viable claims against IATSE. If he fails to do so, the Court will dismiss those claims with prejudice.

**SO ORDERED.**                     **ENTERED:  September 10, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**