# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **BENNY L. STEWART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 14 C 7472 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| **INTERNATIONAL ALLIANCE OF** | ) | |
| **THEATRICAL STAGE EMPLOYEES** | ) | |
| **UNION AFL-CIO, THEATRICAL** | ) | |
| **STAGE EMPLOYEES LOCAL 2,** | ) | |
| **DANIEL KELLY KERINS, CRAIG** | ) | |
| **CARLSON, THOMAS CLEARY,** | ) | |
| **THOMAS HERMANN, THOMAS** | ) | |
| **KINSELLA, RICHARD CONRAD,** | ) | |
| **JEFFERY SCHNOEBELEN, and** | ) | |
| **WILLIAM RILEY, JR.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding pro se, sues defendant International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada, AFL-CIO, CLC ("IATSE")[1] for its alleged violations of the Labor Management Relations Act ("LMRA") and the Labor Management Relations and Disclosure Act ("LMRDA"). IATSE asks the Court to dismiss the claims asserted against it in the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants the motion.

---

[1] Plaintiff sues this defendant as International Alliance of Theatrical Stage Employees Union, AFL-CIO.

**Facts**

Plaintiff alleges that he is a member of defendant Theatrical Stage Employees Union Local 2 ("Local 2"), which is an affiliate of IATSE. (2d Am. Compl. ¶¶ 2-4.) The individual defendants are officers or Executive Board members of Local 2. (*Id.* ¶¶ 5-12.)

In June 2009, plaintiff "began inquiring into reasons for [disparate] work assignments, training, earnings[,] . . . denied medical benefits . . . , and seniority status." (*Id.*, Count I ¶ 13.) Plaintiff criticized Local 2's practice of providing full membership to white employees in three years but requiring African-American employees to wait more than ten years to attain that status. (*Id.* ¶ 14.) Plaintiff also filed charges of discrimination and retaliation with the Illinois Department of Human Rights and an unfair labor practice charge with the National Labor Relations Board. (*Id.* ¶ 15.) As a result of his complaints, plaintiff alleges, Local 2 retaliated against him by giving him fewer and less desirable job assignments, subjecting him to unfounded discipline, expelling him from the union, and denying him benefits to which he is entitled. (*Id.* Count I ¶¶ 16-19, Count II ¶¶ 21-25, 38-42.)

On August 11, 2012, plaintiff sent a letter of complaint to IATSE's President, Matthew Loeb, stating that Local 2, through defendants Carlson and Cleary, had discriminated and retaliated against him. (*Id.*, Count II ¶¶ 26-28.) Loeb did not respond to the letter or investigate plaintiff's complaints. (*Id.* ¶¶ 29-32.)

**Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere*

& Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

The second amended complaint, viewed liberally, attempts to allege claims against IATSE for breach of the duty of fair representation set forth in the LMRA and for violation of plaintiff's rights to proper discipline, equality, and free speech guaranteed by the LMRDA. The former claim, as the Court noted in its previous dismissal order, requires plaintiff to allege that IATSE is his bargaining representative, an allegation that plaintiff does not make. (*See* 9/10/15 Mem. Op. & Order at 3); *see also Grant v. Burlington Indus.*, 627 F. Supp. 311, 313 (N.D. Ill. 1985) (stating that an entity is not "subject to the duty of fair representation" if it is "neither the bargaining representative for an employee nor a party to the collective bargaining agreement under which the employee receives her or his rights"). Thus, the Court dismisses the fair representation claim.

With respect to the LMRDA claims, plaintiff does not allege that IATSE itself violated his rights to equal treatment, free speech, and proper discipline, but contends that IATSE can be held liable for Local 2's alleged statutory violations because Local 2 is IATSE's agent. (2d Am. Compl. Count II ¶¶ 33-36); *see Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 216 (1979) (holding that an international union can be held liable for the acts of a local only if the local was its agent). Plaintiff contends that an agency relationship can be inferred from the fact that: (1) IATSE President Loeb failed to investigate plaintiff's complaints about Local 2; (2) Loeb gave defendant

3

Carlson "guidance and advice" with respect to Local 2's attempts to reach an agreement with Navy Pier; (3) Loeb and the IATSE Board supported Local 2's "campaigns against employers that do not pay area standard wages and benefits"; (4) Loeb authorized picketing of the Dave Matthews Band concert in Chicago; and (5) Loeb authorized IATSE's Defense Fund to help Local 2 and other Local Unions in their campaign against Swank AV. (2d Am. Compl. Count II ¶¶ 26, 33-35; *see id.*, Ex. 7, IATSE Bulletin, 1st Quarter, 2012; *id.*, Ex. 8, IATSE Bulletin, 1st Quarter 2013; *id.*, Ex. 9, IATSE Bulletin, 3d Quarter 2011; *id.*, Ex. 10, IATSE Bulletin, 3d Quarter 2012).

The Court disagrees. First, as the Court noted in its last decision,"[a]n international union has no independent duty to intervene in the affairs of its local chapters, even where the international has knowledge of the local's unlawful acts." *Phelan v. Local 305 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Can.*, 973 F.2d 1050, 1061 (2d Cir. 1992); (9/10/15 Mem. Op. & Order at 4). Loeb's alleged failure to investigate plaintiff's complaints does not, therefore, make IATSE liable for Local 2's alleged wrongdoing.

Plaintiff fares no better with his agency theory. As relevant here, an agency relationship exists if "the principal explicitly grants the agent the authority to perform *a particular act*" or the principal creates . . . the reasonable impression in a third party that the agent has the authority to perform *a certain act* on its behalf." *ABN AMRO, Inc. v. Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 821-22 (N.D. Ill. 2008) (emphasis added) (quotations and citations omitted). Plaintiff's allegations that IATSE assisted and guided Local 2 in certain labor negotiations do not suggest that IATSE authorized Local 2 to discriminate or retaliate against plaintiff or take any of the other actions he alleges. Thus, they do not suggest that Local 2 was acting as IATSE's agent when it took the actions

4

plaintiff contests. Because plaintiff has not alleged facts that plausibly suggest Local 2's alleged conduct can be imputed to IATSE, his LMRDA claims against IATSE are dismissed.[2]

**Conclusion**

For the reasons set forth above, the Court grants IATSE's motion to dismiss [66] the claims asserted against it in the second amended complaint. Moreover, because plaintiff has been unable after three attempts to state viable claims against IATSE, the claims are dismissed with prejudice and IATSE is dismissed as a party to this suit.

**SO ORDERED.**                                         **ENTERED: November 18, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**

---

[2] Plaintiff argues, for the first time, in his response brief, that IATSE violated his rights under the Age Discrimination in Employment Act ("ADEA"). Plaintiff cannot, however, amend his complaint with an argument in a brief. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . . ."). Even if he could, plaintiff's ADEA claim would fail because it requires him to allege that he filed a charge of discrimination against IATSE with the EEOC and received a right to sue letter, allegations that he does not make. *See* 29 U.S.C. § 626(d)(1).